UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN RODRIGUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5656** |
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** | **SECTION "B"(4)** |

## ORDER & REASONS

Before the Court are defendant Occidental Fire & Casualty Company of North Carolina's motion to dismiss (Rec. Doc. 13), plaintiff Ryan Rodriguez's opposition (Rec. Doc. 14), and defendant's reply (Rec. Doc. 17). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED IN PART**, in compliance with this Order. Plaintiff shall file an amended complaint with respect to specific facts to support a basis for his claims, **no later than January 24, 2024.** Failure to amend the complaint will lead to the dismissal of the action.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Ryan Rodriguez is a resident of Jefferson Parish, Louisiana. Rec. Doc. 1-1 at 3. On August 29, 2021, Hurricane Ida made landfall as a Category 4 storm, causing damage to "the exterior, specifically but not limited to the roof and shed" of Plaintiff's property. *Id.* at 5. The property was insured by a policy of defendant Occidental Fire & Casualty Company of North Carolina ("Occidental"), against which plaintiff made a timely claim. *Id.* at 4–5. After Occidental provided a replacement cost value of $36,604.33 and an actual cost value of $26,816.56 for the damage and tendered the cost-value payment, plaintiff brought suit in state court, contending the "initial estimate grossly undervalued the property damage." *Id.* at 5.

1

Plaintiff provides two causes of action: breach of insurance contract and breach of duty of good faith and fair dealing. *See id.* at 6–7. With the latter claim, plaintiff provides that an insurer is subject to awards of reasonable attorney's fees and penalties of up to two times the damage sustained. *Id.* at 7 (citing La. R.S. §§ 1892(B)(1), 1973(C)).

On September 29, 2023, defendant timely removed the case. *See* Rec. Doc. 1. Being incorporated in and having its principal place of business in North Carolina, defendant claimed diversity jurisdiction of 28 U.S.C. § 1332 as its removal basis. *Id.* at 2. With complete party diversity in a suit filed by a Louisiana citizen, defendant also contended the threshold amount in controversy to be met. *Id.* at 3. To justify an amount in excess of $75,000.00, defendant reproduced the damages that plaintiff claims and additionally notes plaintiff's policy coverage: "dwelling damage coverage in the amount of $336,000.00, other structures coverage in the amount of $33,600, personal property coverage in the amount of $168,000, and loss of use coverage in the amount of $100,800.00." *Id.* 3–4. Contesting the requisite amount in controversy, Plaintiff timely filed a motion to remand. Rec. Doc. 6. The Court denied the motion, finding that the unspecified contractual and other demands for relief "present an amount in controversy to minimally satisfy the jurisdictional threshold." Rec. Doc. 12 at 10. Defendant now moves for dismissal for failure to state a claim. Rec. Doc. 13.

II. <u>**LAW AND ANALYSIS**</u>

A. **Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim

to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

### B. Louisiana Breach of Insurance Contract Standard

In Louisiana, a breach of contract is found where (1) an obligor has a performance due, (2) the obligor fails to perform the obligation, and (2) the failure to perform causes damages to the obligee. *See IberiaBank v. Broussard,* 907 F.3d 826, 835 (5th Cir. 2018) (quotation omitted). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir.

2002). General, conclusory allegations that an insurer paid an insufficient amount or improperly applied policy provisions "are insufficient to state a plausible breach of contract claim." *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010).

Here, plaintiff's conclusory allegations are insufficient to state a breach of contract claim. Plaintiff merely contends that defendant's assessment of his claim following its September 2021 inspection "was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct needed repairs to the Property Damage caused by Hurricane Ida." Rec. Doc. 1-1 at 5. In his opposition to defendant's motion, plaintiff argues that defendant "ignored and/or undervalued the cost of the repair and/or replacement of the damaged roof, gutters/soffit/fascia, interior of the home and contents," citing eleven paragraphs in his state-court petition for the allegation. Rec. Doc. 14 at 3 (citing Rec. Doc. 1-1 at 5–8 ¶¶ 10, 11, 17, 28–35). However, no cited paragraph makes—much less plausibly substantiates—such an allegation. Moreover, plaintiff does not substantively contest defendant's understanding that the petition "does not provide any factual allegations as to when he attempted to recover the amount of his alleged covered damages and/or insurance proceeds from Occidental. Rec. Doc. 13-1 at 4; *see also* Rec. Doc. 17 at 2 ("Defendant has not received an estimate of damages or demand from Plaintiff since the initial adjustment of the Claim in 2021."). With no specific insurance provision allegedly breached or improperly applied, plaintiff has failed to plausibly state a breach of contract claim in his state-court petition.

### C. Louisiana Breach of Good Faith and Fair Dealing Standard

Tied to breach-of-contract concerns, Louisiana insurers owe "a duty of good faith and fair dealing" to their insureds. La. R.S. § 22:1973(A). Such a duty is breached, *inter alia*, where an insurer fails "to pay the amount of any claim due any person insured by the contract within sixty

4

days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." *Id.* § 22:1973(B)(5); *see also id.* § 22:1892(B) (providing an alternative thirty-day framework where coverage denial is "arbitrary, capricious, or without probable cause"). This Court has noted that recovery under Section 1973 or Section 1892 does not stand alone but is based on "a valid, underlying, substantive claim" of insurance coverage. *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021), *aff'd sub nom. Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252 (5th Cir. 2022) (citation omitted); *see also Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010) (applying Louisiana law) ("Breach of contract is a condition precedent to recovery for the breach of the duty of good faith[.]").

As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that defendant breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis. However, even if plaintiff provided a plausible breach of contract claim, his claim of defendant's breach of good faith and fair dealing independently fails. Both parties discuss a similar Hurricane Ida action before another section of the Eastern District of Louisiana Court. *JMC - Tran Properties v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168, at *4 (E.D. La. Mar. 15, 2023) (Africk, J.). Although he attempts to distinguish *JMC - Tran Properties*, plaintiff overlooks a key similarity: both instant and *JMC - Tran Properties* plaintiffs fail to provide factual allegations of "why any unpaid portions are . . . properly considered 'undisputed.'" and *Id.* We find both Judge Africk's reasoning and conclusion persuasive. *Id.* (denying motion to dismiss but granting leave for plaintiff's filing an amended complaint).

Plaintiff's complaint fails to state a claim for breach of contract and breach of good faith

and fair dealing. However, recognizing that pursuant to Federal Rule of Civil Procedure 15(a)(2) district courts "should freely give leave when justice so requires," we permit plaintiff to amend his complaint with respect to specific facts to support a basis for his claims.

    New Orleans, Louisiana, this 4th day of January, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE
